**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABBAS EGHTESADI,<br><br>　　　　　Petitioner - Appellant,<br><br>　v.<br><br>MATTHEW CATE and P. D.<br>BRAZELTON,<br><br>　　　　　Respondents - Appellees. | No. 15-15198<br><br>D.C. No. 2:08-cv-02221-TJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Terry J. Hatter Jr., Senior District Judge, Presiding

Submitted March 14, 2016[**]
San Francisco, California

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

Abbas Eghtesadi appeals the district court's denial of his federal habeas

petition.  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.  Our review

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214.

1.    The state appellate court reasonably determined that Juror Number Eleven was not biased. To the extent that Supreme Court precedent clearly establishes that a juror's actual bias may be inferred from a dishonest response to a voir dire question, *cf. Fields v. Brown*, 503 F.3d 755, 767, 771–73 (9th Cir. 2007) (en banc) (discussing cases), it was not unreasonable for the state court to conclude that Juror Number Eleven was truthful during voir dire. Thus, the court reasonably concluded that, although Juror Number Eleven did not disclose his relationship with his aunt, a deputy district attorney, in his response to a voir dire question about friends or relatives employed by "law enforcement agenc[ies]," lay jurors would not necessarily consider a deputy district attorney to be a member of law enforcement. *See McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 555 (1984) (observing that "jurors are not necessarily experts in English usage," and "may be uncertain as to the meaning of terms which are relatively easily understood by lawyers and judges").

Further, the trial court, which examined Juror Number Eleven before the jury reached its verdict, reasonably found credible his testimony that he could continue to deliberate as a fair and impartial juror. Even if Eghtasadi's claim were

2

construed to be one of implied juror bias, it would be barred under AEDPA, because our circuit cases recognizing an implied juror bias claim are not "clearly established federal law." *Hedlund v. Ryan*, No. 09-99019, 2016 WL 851821, at *12 (9th Cir. Mar. 4, 2016). Moreover, the Supreme Court has never adopted or rejected the doctrine of implied juror bias.

2.     Nor did the state court unreasonably determine that Juror Number Eleven did not engage in reversible misconduct by telling other jurors what his aunt had told him about prosecutorial charging practices. It was not unreasonable to conclude, on this mixed record, that Juror Number Eleven did not speak to his aunt during deliberations. Nor was it unreasonable for the court to conclude that, although Juror Number Eleven's statements were inadmissible, what little prejudice they may have created was ameliorated by the trial court's curative instructions. *See Smith v. Swarthout*, 742 F.3d 885, 894 (9th Cir. 2014).

3.     Eghtesadi fails to demonstrate that the state trial court's extensive evidentiary hearing on Juror Number Eleven's alleged bias and misconduct was constitutionally insufficient, or that further proceedings were required. *See Hedlund*, No. 09-99019, 2016 WL 851821, at *11 ("'So long as the fact-finding process is objective and reasonably explores the issues presented, the state trial judge's findings based on that investigation are entitled to a presumption of

3

correctness.'") (quoting *Dyer v. Calderon*, 151 F.3d 970, 975 (9th Cir. 1998) (en banc)).

4.  Finally, the state court reasonably determined that the reversal of Eghtesadi's conviction was not required by *Napue v. Illinois*, 360 U.S. 264 (1959). Eghtesadi does not show that the prosecutor's failure to correct L.D.'s misstatement regarding the number of times she was arrested renders L.D.'s testimony "false evidence, known to be such by representatives of the State" for purposes of *Napue*. *See id.* at 269. Even if this testimony is deemed to fall within *Napue*, the state court properly concluded that there was no "reasonable likelihood that the false testimony could have affected the judgment of the jury." *See United States v. Agurs*, 427 U.S. 97, 103 (1976). The evidence of Eghtesadi's guilt was overwhelming, and the jury was already aware that L.D. had a long history of engaging in drug use and prostitution. Thus, there is no reasonable likelihood that the additional information that L.D. had been arrested for more than one transgression would have caused the jury to disbelieve her account of how Eghtesadi had sexually assaulted and stabbed her.

**AFFIRMED.**

4